Erick M. PEREZ, also known as Erick
Miguel Perez Valencia, also known as
Erick Miguel Perez, Petitioner

v.

Loretta LYNCH, U.S. Attorney
General, Respondent.

No. 14–60085
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 2015.

Anne Elise Kennedy, Esq., Houston,
TX, for Petitioner.

Mona Maria Yousif, Esq., Trial Attor-
ney, Tangerlia Cox, U.S. Department of
Justice Office of Immigration Litigation,
Washington, DC, for Respondent.

Before PRADO, OWEN, and GRAVES,
Circuit Judges.

PER CURIAM: *

Erick M. Perez, a native and citizen of
El Salvador, petitions for review of an
order of the Board of Immigration Appeals
(BIA) summarily dismissing his appeal
from the Immigration Judge's (IJ) order
denying cancellation of removal, asylum,
withholding of removal, and protection un-
der the Convention Against Torture. Per-
ez argues only that the IJ erred by deny-
ing cancellation of removal under 8 U.S.C.
§ 1229b(a) and that he is entitled to can-
cellation of removal under the Nicaraguan

Adjustment and Central American Relief
Act (NACARA). He does not address the
denial of his claims for asylum, withholding
of removal, and protection under the CAT;
address the BIA's summary dismissal of
his appeal; or brief his claim for voluntary
departure. These issues are therefore
abandoned. See Chambers v. Mukasey,
520 F.3d 445, 448 n. 1 (5th Cir.2008);
Soadjede v. Ashcroft, 324 F.3d 830, 833
(5th Cir.2003).

Perez failed to exhaust his administra-
tive remedies regarding the denial of can-
cellation of removal pursuant to § 1229b(a)
by failing to raise any meaningful argu-
ments on appeal to the BIA. Thus, we lack
jurisdiction to review this issue. See
Townsend v. U.S. Dep't of Justice I.N.S.,
799 F.2d 179, 182 (5th Cir.1986); 8 U.S.C.
§ 1252(d). We also lack jurisdiction to
review Perez's claim that he was eligible
for special rule cancellation under NA-
CARA, because this issue was raised for
the first time in a reconsideration motion
to the BIA and is therefore unexhausted.
See § 1252(d); Omari v. Holder, 562 F.3d
314, 319 (5th Cir.2009).

With respect to the BIA's denial of the
motion to reconsider Perez's claim for can-
cellation of removal under § 1229b(a), Per-
ez has abandoned any challenge to the
denial by failing to address the BIA's de-
termination that the motion was untimely.
See Chambers, 520 F.3d at 448 n. 1; Soad-
jede, 324 F.3d at 833. To the extent that
Perez's reconsideration motion was a time-
ly motion to reopen, he does nothing more
than argue in a conclusory fashion that his
family would suffer extreme hardship and
fails to address the standard for reopen-
ing. See 8 U.S.C. § 1229a(c)(7)(B); I.N.S.
v. Abudu, 485 U.S. 94, 104, 108 S.Ct. 904,

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

99 L.Ed.2d 90 (1988). Thus, Perez has abandoned any objection to that decision. *See Chambers,* 520 F.3d at 448 n. 1; *Soadjede,* 324 F.3d at 833.

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.